UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAND O'LAKES, INC.,

      Plaintiff,

v.                                                       Case No. 06-C-692

RUNABOUT EXPRESS, INC., et al.,

      Defendants.

**ORDER FOR ENTRY OF JUDGMENT**

On September 4, 2008, this matter came before the Court for a jury trial on the claim of Plaintiff Land O' Lake, Inc., for damages owed by Defendants Runabout Express, Inc., and its insurer, Owner Operator Services, Inc., for damages sustained when Runabout failed to deliver a shipment of butter to Land O' Lake's customer in New Jersey as set forth in the bill of lading. Prior to trial, the Court ordered Land O' Lake's state law claims for conversion and punitive damages dismissed on the ground that they were preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Land O' Lake's Carmack Amendment claim proceeded to trial, and on September 5, 2008, the jury returned a verdict awarding Land O' Lakes the sum of $17,623.10, in addition to the $29,101.25 that had been previously obtained by Owner Operators on sale of the shipment as salvage after truck in which Runabout was carrying the load crashed in Pennsylvania. The Court held that Land O' Lakes was entitled to the amount recovered by Owner Operators as a matter of law.

The Court now concludes that Land O' Lakes is not entitled to prejudgment interest on the $17,623.10, since that amount was in dispute. "Preverdict interest is available when damages are fixed and determinable or may be measured according to a reasonably certain standard." *R.S. Deering Mechanical Contractors v. Livesey Co.*, 468 N.W.2d 758, 759 (Wis.App.,1991). Here, the defendants reasonably disputed whether Land O' Lakes had failed to mitigate its damages and, thus, whether it was entitled to any damages beyond the amount obtained for salvage. Land O' Lakes is entitled to prejudgment interest, however, on the amount retained by Owner Operators after its sale of the shipment as salvage, since that amount should have been credited to Land O' Lakes immediately. *See* 49 C.F.R. § 370.11(c).

In determining an appropriate interest rate, the Seventh Circuit generally uses the average prime rate over the period of time the money was owed. *See, e.g., First Nat. Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1999) ("Our practice has been to use the prime rate as the benchmark for prejudgment interest unless either there is a statutorily defined rate or the district court engages in "refined rate-setting" directed at determining a more accurate market rate for interest.") *See also In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1332 (7th Cir. 1992). Interest may or may not be compounded, but "compound prejudgment interest is the norm in federal litigation" because the goal of prejudgment interest is to make the plaintiff whole. *Amoco Cadiz*, 954 F.2d at 1332. The period in question begins on May 6, 2005, the date on which Owner Operator received the $29,101.25 in payment for the salvage and ends on the date of judgment. The monthly average prime rates are listed by the Federal Reserve at: http://www.federalreserve.gov/releases/h15/data/Monthly/H15_PRIME_NA.txt During the forty-month period at issue here, the average monthly prime rate has been 7.2%. That interest rate,

2

compounded monthly, results in $7,867.17 in prejudgment interest on a principal amount of $29,101.25.

Based on the above, the Clerk is directed to enter final judgment in favor of Plaintiff Land O' Lakes, Inc., and against Defendants Runabout Express, Inc., and Owner Operator Services, Inc., for the total sum of $54,591.52. Land O' Lakes is also entitled to statutory costs to be taxed by the Clerk.

**SO ORDERED** this   5th   day of September, 2008.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge
